UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ERIC MARK,<br><br>　　　　　Plaintiff,<br><br>　　　　　　　　　　v.<br><br>AVENGER FLIGHT GROUP, LLC,<br><br>　　　　　Defendant. | Civil Action No.: 23-cv-10966<br><br>**COMPLAINT**<br><br>DEMAND FOR JURY TRIAL |

Plaintiff Eric Mark ("Mr. Mark" or "Plaintiff") through his undersigned counsel, for his complaint against Avenger Flight Group, LLC ("AFG" or "Defendant") alleges as follows:

### NATURE OF THE ACTION

1.　　This is an action for breach of contract, unjust enrichment, and account stated against AFG in connection with a breach of contract between Plaintiff and Defendant.  Plaintiff performed all obligations under the contract with Defendant, including arranging $15 million in financing for AFG.

### PARTIES

2.　　Plaintiff Eric Mark is an individual residing in New York, New York.  Mr. Mark was an employee of Defendant AFG from February 2022 to May 31, 2023.

3.　　Defendant Avenger Flight Group is a limited liability company organized and existing in the State of Florida.  AFG has its principal place of business at 1450 Lee Wagener Blvd., Fort Lauderdale, FL, 33315.

## JURISDICTION AND VENUE

4.      Federal diversity jurisdiction exists in the matter pursuant to 28 U.S.C. § 1332 because Plaintiff resides in New York, New York, and the value of the amount in controversy exceeds $75,000.

5.      Venue is proper in this district pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions on which the Plaintiff's claims are based occurred within the district.  For instance, AFG hired Mr. Mark knowing that he would work from New York, and permitted him to do so, AFG paid rent for a New York office for Mr. Mark, regularly communicated with Mr. Mark via email, phone and virtual meetings during the entire time of his employment with AFG, including communications regarding the subject financing transactions for which Mr. Mark is claiming compensation in this action.  Meetings in connection with the subject financing transactions at issue were also held in New York.  Moreover, AFG facilitated his work from New York by providing him with technology to work from New York.

6.      Defendant is subject to the personal jurisdiction of this Court because it routinely and systematically conducts business in New York, including conducting business with New York financial institutions for its financing transactions, and having an employee resident in New York.

## FACTUAL ALLEGATIONS

7.      On or about January 31, 2022, Plaintiff entered into an employment contract with AFG.  As part of the agreement, AFG agreed to the following "economics" included in Mr. Mark's compensation (the "Additional Compensation"):

> **Additional Incremental Loans.** If additional incremental term loans are entered into pursuant to the Credit Agreement, upon this Agreement's effectiveness, the Consultant shall be entitled to .5%

(50 basis points) of the gross proceeds received by the Company
pursuant to such additional incremental term loans.

8.      Pursuant to the parties agreement, Mr. Mark arranged Additional Incremental

Loans for AFG, including approximately a $8.3 million incremental loan ("ATR sim financing"),

and a $6.7 million incremental loan ("CAE-NK sim loan"), collectively amounting to

approximately $15 million in incremental loan financing for AFG.

9.      To complete the financing transactions for AFG, Mr. Mark, on behalf of AFG,

arranged and attended numerous meetings with existing bank lenders and prospective equity

investors in New York, New York.  Three of the existing lenders (Arbour Lane, Marathon Asset

Management, and MidOcean Credit Partners) are based in NYC and Mr. Mark regularly attended

meetings on behalf of AFG with them to raise the ATR sim loan and the CAE-NK sim loan,

which are the transactions for which Mr. Mark seeks compensation in this action.

10.     Accordingly, pursuant to the parties agreement, Mr. Mark earned 50 basis points

(.5%) on the approximately $15 million in financing as Additional Compensation.

11.     On October 18, 2022, AFG's General Counsel, Elsa Gagnon sent Mr. Mark a

message through WhatsApp acknowledging that his compensation included the Additional

Compensation of 50 basis points.

12.     AFG expressly acknowledged at the time that it would pay Mr. Mark the

Additional Compensation but could not do so at that time because it was experiencing liquidity

problems.

13.     On or about May 16, 2023, Mr. Mark sent AFG two invoices for Additional

Compensation as follows: Invoice no. 10 for $41,666.67 in connection with the ATR sim

financing transaction and (2) Invoice no. 15 for $33,500 in connection with the CAE-NK sim

loan financing transaction.

14.     At no time did AFG object to the two invoices.

15.     At no time has AFG paid the outstanding invoices.

16.     Accordingly, AFG breached its agreement with Mr. Mark for the Additional Compensation.

## COUNT ONE
## BREACH OF CONTRACT

17.     Paragraphs 1 through 16 are hereby incorporated by reference in this Count Two as if set forth at length herein.  DFD

18.     Plaintiff entered into a valid and enforceable contract with Defendant.

19.     Pursuant to the agreement, Plaintiff earned Additional Compensation on the ATR sim and CAE-NK sim loan financing transactions, collectively in the amount of $75,166.67.

20.     Defendant failed to pay Plaintiff the amounts due.

21.     Accordingly, Plaintiff has been damaged in the amount of $75,166.67 plus interest, costs, and attorneys' fees.

## COUNT TWO
## UNJUST ENRICHMENT

22.     Paragraphs 1 through 21 are hereby incorporated by reference in this Count Two as if set forth at length herein.

23.     Defendant accepted Mr. Mark's services that led to $15 million in financing for Defendant.

24.     Defendant has failed to pay Mr. Mark the commission he earned on the ATR sim and CAE-NK sim loan financing transactions.

25.     By reason of the aforesaid, Defendant has been unjustly enriched at the detriment of Plaintiff.

26.     As a direct and proximate result of Defendant's failure to pay Plaintiff, Plaintiff has been damaged in an amount in excess of $75,000, plus interest, costs, and attorneys' fees.

**COUNT THREE**
**ACCOUNT STATED**

27.     Paragraphs 1 through 26 are hereby incorporated by reference in this Count Three as if set forth at length herein.

28.     Plaintiff has demanded payment of the balance due, but Defendant has refused to pay and remains delinquent in its account.

29.     At no time has Plaintiff objected to the invoices sent to Defendant for the amount due.

30.     As a direct and proximate result of Defendant's failure to pay Plaintiff's invoices, Plaintiff has been damaged in the amount of $75,166.67, plus interest, costs, and attorneys' fees.


WHEREFORE, Plaintiff prays for judgment against Defendant, as follows:

A.     Awarding Plaintiff the sum of $75,166.67 as its principal damages;

B.     Awarding Plaintiff pre and post judgment interest on any award of damages;

C.     Awarding Plaintiff its attorneys' fees and costs in this action, and

D.     Granting Plaintiff such other and further relief as this Court deems just and proper.

Dated: New York, New York
          December 19, 2023

                                        Respectfully submitted.

                                        /s/ Arvind Khurana
                                        Arvind Khurana
                                        **KHURANA LAW FIRM, P.C.**
                                        16 Madison Square West, 11th Fl.
                                        New York, New York 10010

212.847.0145
akhurana@khuranapc.com

Attorneys for Plaintiff